**FILED**

Aug 28 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ vanessac          DEPUTY

Anton Ewing (NOT AN ATTORNEY)
3077 B Clairemont Drive #372
San Diego, CA 92117

Plaintiff In *Pro Per*

# THE UNITED STATES FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, | Civil Case No. **'20CV1686 AJB AGS** |
| Plaintiff, | **INITIAL COMPLAINT** |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)] |
| Herberg, LLC, a Wyoming Limited Liability Company, doing business as Herberg Capital; | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| Scott Herberg, an individual, | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 (c)] |
| Defendants. | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| | 5. VIOLATION OF CALIFORNIA INVASION OF PRIVANCY ACT [PC §632.7 §637.2] |
| | **JURY TRIAL REQUESTED** |

PLAINTIFF'S INITIAL COMPLAINT- 1

CV

Plaintiff Anton Ewing ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.      On or about June 1, 2020, the Southern District of California Federal District Court modified, amended and otherwise changed Civil Local Rule 83.3 to read as what is now Local Rule 2.1.

2.      In Local Rule 2.1 it states: "We-- judges, lawyers, court staff, parties—all have a responsibility in ensuring that we preserve the legacy of this institution by conducting ourselves according to the Golden Rule—to treat others as we ourselves would like to be treated."

3.      The federal judges of the Southern District stated in LR 2.1 that "[a]lthough adversarial, the experience does not have to, and should not, be antagonistic or hostile."  Name calling seems and appears to be antagonistic and hostile.  Plaintiff hopes that defendant's attorney will not engage in behavior that brings discredit to the Bar and the courts.

4.      Importantly, the federal judges of the Southern District went on to say, at LR 2.1(a)(1), that "[c]ivility is paramount and not to be confused with weakness. Civility in action and words is fundamental to the effective and efficient functioning of our system of justice and public confidence in that system."

5.      Moreover, the federal judges of the Southern District went even further to say, in LR 2.1, that "[n]o one is above the law and, equally important, no one is entitled to act in such a way that erodes the public's trust in the administration of justice."

6.      The federal judges of the Southern District stated, at LR 2.1, that "[t]his court is committed to ensuring that all who work within it and come before it treat

CV

1   each other with decency, dignity, and respect."

2   7.      At LR 2.1(a)(3) the federal judges of the Southern District stated "[w]e

3   expect lawyers to treat adverse witnesses, litigants and opposing counsel with

4   courtesy, fairness and respect."

5   8.      Plaintiff is hopeful that "the court expects that all who practice in this court

6   will adhere to this Code of Conduct in all of their interactions within the courts of

7   this judicial district, in order to nurture, rather than tarnish, the practice of law."

8   9.      Plaintiff brings this action seeking damages and any other available legal or

9   equitable remedies resulting from the illegal actions of Herberg, LLC, a Wyoming

10   limited liability company ("Herberg") and its owner, officer, sole member and

11   Manager, Scott Herberg ("Scott Herberg"), in negligently, knowingly, and/or

12   willfully contacting Plaintiff on Plaintiff's cellular telephone and landline home

13   phones in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et

14   seq. ("TCPA") and related regulations, specifically the National Do-Not-Call

15   provisions, thereby invading Plaintiff's privacy.  Further, Defendants each violated

16   California's Invasion of Privacy Act (CIPA) by illegally recording the

17   telemarketing calls they made to Plaintiff without disclosing that such calls were

18   being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.  This

19   case involves more than one call in violation of the TCPA and CIPA.

20   10.     Herberg, LLC is the agent of Scott Herberg because Scott Herberg has

21   directed and controlled said LLC, including the criminal acts violating 47 USC

22   §501.

23   11.     Throughout the below listed paragraphs in this lawsuit, where the word

24   "Defendants" is used and employed, it shall be and is intended to include

25   Defendant Scott Herberg as an individual as well as in his capacity as the sole

member and manager of Herberg, LLC  and Defendant Herberg, LLC, a limited

liability company as the alter ego of Scott Herberg.  Herberg, LLC is both the alter

CV

ego of Scott Herberg and the agent of Scott Herberg.

12.     Plaintiff received the following calls to Plaintiff's cellular telephone of 619-719-9640 from Defendants or from Defendant's hired and controlled agents at the specific direction of Defendant Herberg:

      a.   Originating Number 602-900-1176 on 07/17/2020 at 4:06 PM

      b.   Originating Number 602-900-1176 on 07/17/2020 at 4:44 PM

      c.   Originating Number 602-900-1176 on 07/21/2020 at 2:24 PM

      d.   Originating Number 602-900-1176 on 07/21/2020 at 2:25 PM

      e.   Originating Number 602-900-1176 on 08/27/2020 at 12:49 PM

      f.   Originating Number 206-707-9325 on 07/20/2020 at 1:26 PM

      g.   Originating Number 206-707-9325 on 07/20/2020 at 2:27 PM

      h.   Originating Number 206-707-9325  on 07/20/2020 at 2:55 PM

      i.   Originating Number 509-316-9953 on 08/14/2020 at 12:59 PM

On each of the above listed calls, the telemarketing agents of Defendants stated that they were calling from Herberg Capital and attempting to sell Plaintiff a loan.  On each call, the caller attempted to obtain Plaintiff's social security number or sent an email application thereafter in an attempt to obtain Plaintiff's social security number.

13.     Defendant Scott Herberg ordered and overtly directed his third party telemarketing agents that he hired and paid to robocall Plaintiff.  Scott Herberg knew he was using or directing the use of an ATDS and directed his telemarketing agents to use and employ an automatic telephone dialer to call Plaintiff repeatedly.

14.     Herberg advertises on its web page at https://www.herbergcapital.com which is able to be viewed in California.

15.     Defendants have purposefully directed their activities into California by calling Plaintiff's 619 area code and by employing a web page that is able to be viewed California.

CV

## II. JURISDICTION & VENUE

16.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.

17.     The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims, including but not limited to California's Penal Code §637.2, *et seq.* and Civil Code §1770(a)(22)(A).

18.     This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

19.     This Court has personal jurisdiction over Defendants Herberg, LLC and Scott Herberg because a substantial part of the wrongful acts alleged in this Complaint were committed in California and because Herberg has significant contacts and assets in California.  For example, Herberg, LLC and Scott Herberg made illegal telemarketing robocalls to Mr. Ewing, with area code 619, while he was in California.   Herberg, LLC and Scott Herberg have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.   See 47 USC §501. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

20.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and because Defendants do business within the State of California and Plaintiff resides within the County of San Diego.

CV

21.     Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

22.     The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

### III.  PARTIES

23.     Plaintiff, Anton Ewing. ("Plaintiff"), is an individual and resident in California.

24.     Defendant Herberg, LLC is a vociferous robo-dialing telemarketer, and is a "person" as defined by 47 U.S.C. § 153 (39).

25.     The above named Defendant Herberg, LLC, and its subsidiaries and agents, as well as Scott Herberg, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek

CV

leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

26.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Defendants controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that Defendant required its agent to record each telemarketing call.  Herberg, LLC is and was, at all times relevant to this action, a knowingly and intentionally authorized and controlled agent of Scott Herberg.

## VI.  FACTUAL ALLEGATIONS

27.     On or about July 17, 2020, Defendants contacted Plaintiff on Plaintiff's telephone number ending in -9640, in an attempt to solicit Plaintiff to purchase Defendant's loan products.  There was also a very distinct bubble popping sound at the beginning of the call that indicates an ATDS was used to initiate and dial Plaintiff's telephone number that is itself registered on www.donotcall.gov since 2012.

28.     California has a vested interest in enforcing its state laws.  Any other jurisdiction, like Washington or Wyoming, would be much less interested in protecting and upholding California's laws.

29.     Defendant Herberg, LLC, is a limited liability company formed in Wyoming on December 1, 2017 as Secretary of State ID number 2017-000778542.

30.     Defendant Herberg, LLC used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff a medical device.  Herberg purchased, setup and activated the Vicidial system.

CV

31.    Defendants are being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5), California Civil Code[1] §1770(a)(22)(A) and PC §§632.7 and 637.2.

32.    Defendant Herberg, LLC is located at 30 N. Gould Street, Suite R, Sheridan, WY 82801.

33.    Scott Herberg is an officer of Defendant Herberg, LLC

34.    Scott Herberg is an owner of Defendant Herberg, LLC

35.    Herberg, LLC does not have a California license to engage in the sale of loan products

36.    Defendant has failed to obtain a bond as required of all telemarketing organizations in California.

37.    Herberg, LLC is illegally doing business in California.

38.    Herberg, LLC has failed to register as a telemarketer in California with the California Department of Justice.

39.    Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

40.    Herberg, LLC exerts agency type control over their third party telemarketing lead source.

41.    Herberg, LLC requires its lead source to ask certain questions of the prospective clients before the lead source can transfer the call to Herberg, LLC employees.

42.    Herberg, LLC began harassing Plaintiff on or about July 17, 2020 at which

---

[1] Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

CV

time Plaintiff expressly told Defendants to stop calling and to send a written copy
of its Do Not Call policy.   Then Defendants called again and again over six times.
None of the Defendants has sent a written copy of their do not call policy.

43.    Plaintiff did not consent to, nor give permission for, the subsequent calls
made by Defendants to Plaintiff.

44.    Often telemarketers higher controlled third parties to do their initial illegal
calling in violation of the TCPA.  The initial lead source always plays coy and will
not divulge who they are or who they are working for.  That in and of itself is a
violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC
§227(c)(5).

45.    Further, consent to be telemarketed on the phone must be in writing and
signed by the person called.  Plaintiff did not sign any consent to be called.

46.    Defendant Scott Herberg directly called Plaintiff on his DNC registered
phone in violation of the TCPA.  That is a fact that will be proven at trial.

47.    The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter
alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the
use of an ATDS is expressly alleged against Defendant Herberg, LLC and
Defendant Scott Herberg.

48.    Herberg, LLC has been illegally calling Mr. Ewing, without his consent,
with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls
using an ATDS.  Mr. Ewing brings this action under the Telephone Consumer
Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and
damages will encourage Herberg, LLC and Scott Herberg, to change their ways.
To be clear, Plaintiff is suing Herberg, LLC and Scott Herberg for the directly
dialed calls and the calls made through their hired and controlled telemarketing call
center agents.

49.    Scott Herberg is conspiring with Herberg, LLC to violate the TCPA and

CV

telemarketing California citizens and residents without advance written consent.

50.     Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its lending services.

51.     Defendants both contacted or attempted to contact Plaintiff from telephone numbers confirmed to be Defendant Scott Herberg's numbers.

52.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

53.     During all relevant times, Defendants both did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

54.     Further, Plaintiff's cellular telephone number ending in -9640 was added to the National Do-Not-Call Registry on or about February 16, 2012.

55.     Defendants placed multiple calls soliciting its business to Plaintiff on his telephone ending in -9640.

56.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

57.     Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

58.     Defendants continued to call Plaintiff on his telephone number -9640 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

59.     Plaintiff was harmed by the acts of all defendants in at least the following ways: Defendants illegally contacted Plaintiff via his telephone for solicitation

CV

purposes, thereby invading the privacy of Plaintiff whose telephone number was on the National Do-Not-Call Registry.  Plaintiff was concretely damaged thereby.

60.     Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

61.     Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

62.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

63.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

64.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

65.     47 USC §501 provides that it shall be unlawful to violate 47 USC §227(b).

66.     The term ATDS[2] as used and mentioned herein is as defined by the TCPA and by the 9th Circuit Court of Appeals in the recent Marks vs. *Crunch San Diego, LLC* case.  D.C. No 14-cv-00348 BAS BLM.

67.     Herberg, LLC has an office located at 420 S 72nd Ave #180-156, Yakima, WA 98908 and 7804 W. Washington Ave Yakima, WA, 98903.

---

[2] "we conclude that the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator."

CV

# V. STANDING

68.    The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

69.    Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

70.    A valid injury in fact;

71.    which is traceable to the conduct of Defendants;

72.    and is likely to be redressed by a favorable judicial decision. See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

## The "Injury in Fact" Prong

73.    Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists. In the present case, Plaintiff was called on his phone at least

CV

five times by all Defendants.  In fact, Plaintiff expressly informed all Defendants to cease and desist from all future telemarketing on the very first call.  Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Each Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant Scott Herberg prior to receiving the seriously harassing and annoying calls by Herberg, LLC.   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by both Defendant's persistent phone calls using an ATDS and a pre-recorded message, despite Plaintiff having no prior business relationship with either Defendant and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

### The "Traceable to the Conduct of Defendant" Prong

74.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone were placed either by Defendants directly, or by Defendant's agent at the express direction and control of all defendants.   See *Jones v. Royal Admin. Servs.*, 866 F.3d 1100 (9th Cir. 2017) ten factor test from the 9th Circuit and Civil code §2307.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

CV

75.    The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by all defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief requests injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue all defendants on the stated claims.

76.    "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v.*

CV

*Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id.*

77.     Here, Plaintiff alleges that Defendant Herberg, LLC contacted him using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the person that initiated the calls. Second, the calls are solicitation advertisements: they advertise Defendant Herberg, LLC's services for which Plaintiff has absolutely no use or interest. Third, Plaintiff declares that he has never heard of Defendant Herberg, LLC, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone number to Defendant Herberg, LLC or consented to receive calls from Defendants. Plaintiff also has had no prior business relationship with Defendants. Plaintiff had no reason to be in contact with Defendant Herberg, LLC nor has he ever purchased any kind of product or service that they are selling. Plaintiff's allegations are sufficient to establish that Defendants used an ATDS in sending their solicitation messages illegally and in direct violation of the TCPA.

78.     In Plaintiff's case, the allegations establish that he did not give prior express consent. He declared that he was "the regular user and subscriber to the cellular telephone number at issue." He also declared that he has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendants

CV

to send the solicitation messages, nor to use an ATDS.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

79.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

80.     The foregoing acts and omissions of all defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

81.     As a result of both Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

82.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

83.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

84.     The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

85.     As a result of all Defendant's knowing and/or willful violations of 47 U.S.C.

CV

§227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

86.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

87.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

88.    The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

89.    As a result of all Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

90.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

91.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

92.    The foregoing acts and omissions of all defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited

CV

to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

93.    As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

94.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

95.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

96.    The foregoing acts and omission of all defendants constitute numerous and multiple knowing and/or willful violations of CIPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

97.    As a result of all Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendants both owe Plaintiff $5,000 per call.

98.    Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit all defendants from illegally recording calls to Plaintiff ever again.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against all defendants for the following:

CV

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

CV

**47 U.S.C. §227(c)**

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

- As a result of all Defendant's wrongful acts, $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the calls that Defendants made to Plaintiff.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 27th day of August, 2020.

/S/ Anton Ewing

Anton Ewing, Plaintiff

CV

# Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al.,<br><br>                                     Plaintiff,<br><br>v.<br><br>OASIS MEDIA, LLC, et al.,<br><br>                                     Defendant. | Case No.:  18cv1455-LAB (JLB)<br><br>**FINDINGS AND ADMONITION TO PLAINTIFF** |

After affording Plaintiffs Anton Ewing notice and an opportunity to be heard, the Court found that although he had been repeatedly ordered to obey Civil Local Rule 83.4 (concerning civility and professionalism), he repeatedly violated this rule. Ewing was discourteous and unprofessional when communicating with opposing parties and counsel; he disparaged their intelligence, ethics, and behavior; and he acted in a manner detrimental to the proper functioning of the judicial system.

Although Ewing has usually proceeded *pro se*, he is a frequent litigant, and represents to the Court that he has a J.D. from the University of Arizona College of Law. Despite his having legal training, the Court has repeatedly had to remind or order him to familiarize himself with various rules and to obey them.  He is not in the same category as ordinary civil litigants whose unfamiliarity with applicable rules is more excusable.  *See Doe v. City of Los Angeles*, 2013 WL 6019121, at

1    *15 (C.D. Cal., Nov. 13, 2013); *Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317,
2    1323 (W.D. Wash., 2011). Although Civil Local Rule 83.4 refers to the duties of
3    attorneys, Ewing must treat it as applicable to him. He is **ORDERED** to read and
4    obey it. He is also **ORDERED** to read and obey Fed. R. Civ. P. 11.

5         Specifically, Ewing is **ORDERED** to be courteous and civil in all
6    communications with opposing counsel, parties, and third parties and to refrain
7    from disparaging their intelligence, ethics, or behavior. This includes making
8    accusations for improper purposes (such as to harass, delay, or embarrass) or
9    making any accusation without first confirming that it is accurate and supported by
10   evidence. *See* Fed. R. Civ. P. 11(b)(1) and (3). In filings in this Court, he is
11   **ORDERED** not to attach or quote from private correspondence or other private
12   communications (including letters, emails, texts, or phone calls) between himself
13   and other parties or counsel, except as specifically authorized under applicable
14   rules or laws, or permitted by judicial officers of the Court. He is **ORDERED** to
15   refrain from making misrepresentations to opposing counsel or parties.

16        Several documents Ewing provided to the Court showed that he misleadingly
17   used the designation "JD" after his name, followed by a disclaimer mentioning
18   privilege and confidentiality, and citing legal authority.[1] At the hearing, Ewing
19   represented to the Court that he had stopped using this designation and would not
20   resume doing so, and the Court takes him at his word. When communicating with
21   counsel, parties, or third parties in connection with litigation, Ewing is **ORDERED**

22

23

---

24   [1] Ewing offered the explanation that this was appropriate for his work as a tax
25   preparer. But the communications had nothing to do with tax preparation. In
26   context, this was likely to mislead recipients, especially non-lawyers, into believing
     he was a lawyer. In one particularly egregious example, he did this when
27   discussing settlement with a non-lawyer. He inaccurately said the case was over
28   and had been resolved in his favor, apparently to convince his opponent to make
     a quick payment.

2

1  not use the designation "JD" after his name or otherwise suggest that he is an

2  attorney.

3          For a period of 36 months from the date this order is issued, Ewing must file

4  a copy of this order along with any new pro se pleading he files in this District.

5

6          **IT IS SO ORDERED.**

7  Dated:  May 29, 2019

8          *Lany A. Burns*

9          Hon. Larry Alan Burns
           Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18cv1455-LAB (JLB)

# Exhibit B

| From: | seoresearchdata+caf_=anton=antonewing.com@gmail.com on behalf of Customer Service |
|---|---|
| To: | seoresearchdata@gmail.com |
| Subject: | Working Capital For Everyday Expenses |
| Date: | Friday, July 17, 2020 3:18:11 PM |
| Attachments: | image003.png |

# Herberg Capital Provides Small Businesses With The Capital They Need To Grow

**ABOUT Herberg Capital:**

**True Working Capital - Not Merchant Cash Advances**

**Funding from $10K to $500K with 3 to 24-month terms**

**Approval Decision in 1 Business Day Funding as FAST as 3 days.**

**COMMON USES:**

**Purchasing Inventory or Equipment**

**Expansion or Remodeling**

**Launching an Advertising Campaign**

**Hiring Additional Staff**

**And Much More**

**MINIMUM REQUIREMENTS FOR APPROVAL:**

**$4K in Monthly Revenues**

**4+ Months in Business**

**4+ Months of Bank Statements**

**Herberg Capital Providers have funded over $10,000,000,000 to thousands of small**

**businesses. Contact me today and let me help your business thrive.**

**<u>CLICK HERE TO GET YOUR FUNDING</u>**

**NOTICE TO BUSINESS OWNER:**

**If you need quick funds now be sure to click on the link above and our Funding Specialist**

**will get back to you as quickly as possible to answer all your questions and help you get started**

**with the simple process to get the money you want.**

**If you don't have an immediate need for extra cash today, please print out the attachment on this**

**email and post it on your bulletin board or tape it to your file cabinet so you don't forget us.**

**When you need money that will increase your profits or solve a major problem just go to the**

**website to complete the pre-application.**

# WE CAN HELP



**Herberg** Capital

Scott Herberg, Founder & CEO

Ph 509-593-1901

Fx 845-350-9279

# Exhibit C

Business Center

<u>Online Services</u>   <u>Search</u>

# DETAIL

<u>RETURN TO YOUR SEARCH</u>        <u>FILE YOUR ANNUAL REPORT</u>

Herberg LLC

This detail reflects the current data for the filing in the system.                                    <u>Print</u>

**Name**
Herberg LLC

**Filing ID**
2017-000778542

**Type**
Limited Liability Company - Domestic

**Status**
Active

**Sub Status**
Current

**Initial Filing**
12/01/2017

**Fictitious Name**

**Standing - Tax**
Good

**Standing - RA**
Good

**Standing - Other**
Good

**Term of Duration**
Perpetual

**Formed In**
Wyoming

**Principal Office**
30 N Gould St Ste R
Sheridan, WY 82801
USA

**Mailing Address**
30 N Gould St Ste R
Sheridan, WY 82801
USA

## Additional Details

**Registered Agent:**
Registered Agents Inc.
30 N Gould St Ste R
Sheridan, WY 82801 USA

**Latest AR/Year**
05180421 / 2019

**AR Exempt**
No

**License Tax Paid**
$50.00

## History

2019 Original Annual Report - 05180421                              Date: 10/29/2019

RA Address Change - 2018-002443610                    Date: 12/11/2018

2018 Original Annual Report - 03849121                Date: 09/24/2018

Initial Filing - See Filing ID                        Date: 12/01/2017

Public Notes

No Public Notes Found...

Parties

(Organizer)                                           Organization: Registered Agents In
          Address: 30 N Gould St Ste R Sheridan, WY 82801

# Exhibit D



**Herberg Capital**



Get Started

WHEREAS, HERBERG LLC/HERBERG CAPITAL offers Cash Advance funding programs ("Programs") to commercial businesses (hereinafter referred to as "Merchants"); and,

WHEREAS, HERBERG LLC/HERBERG CAPITAL. is also engaged in the business of providing payment services through a member bank to the business community, including but not limited to draft capture and transaction processing for cardholder credit card purchases utilizing VISA, MasterCard, American Express, Discover Card, Diners Club, Carte Blanche and other mutually agreed upon merchant credit/debit cards (hereinafter referred to as "Credit/Debit Processing Services"): and,

WHEREAS, HERBERG LLC/HERBERG CAPITAL. is in the business of offering merchants consultation and various other services through its alliances and affiliates.

WHEREAS, HERBERG LLC/HERBERG CAPITAL / ISO wishes to market HERBERG LLC/HERBERG CAPITAL products and programs to merchants subject to the terms and conditions outlined herein.

TERMS: In consideration of the premises and of the natural covenants and agreements herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties here by agree as follows:

1.INDEPENDENT SALES ORGANIZATION STATUS. As agreed upon between HERBERG LLC/HERBERG CAPITAL. and IC/ISO. IC/ISO shall remain in itself as an independent sales organization and or contractor. The IC/ISO will operate and be responsible for but not limited to; purchase and maintenance of employment and/or workers compensation insurance coverage related to its employees, including but not limited all taxes state, federal, franchise, social security.



Herberg Capital



Get Started

3.ACCOUNTING. HERBERG LLC/HERBERG CAPITAL shall be responsible for the accounting of all merchant contracts procured by the IC/ISO and related commission payments as well as IRS form 1099 in the name and tax number of the IC/ISO. The IC/ISO shall be responsible for the production of IRS form 1099 at year-end for all commissions paid directly by IC/ISO to its sales associates and IC/ISO if any throughout the year. All earnings paid directly by HERBERG LLC/HERBERG CAPITAL. to IC/ISO shall be paid on a 1099 basis and HERBERG LLC/HERBERG CAPITAL will issue IRS Form 1099 for these earnings. All compensation must be paid directly to IC as signed above and below. HERBERG LLC/HERBERG CAPITAL. will not pay IC through a third party.

4.MARKETING AREAS. All HERBERG LLC/HERBERG CAPITAL. marketing areas are non-exclusive and open. The IC/ISO commits to site survey each merchant when possible or when requested to do so by HERBERG LLC/HERBERG CAPITAL.

5.PAYMENTS TO ISO. HERBERG LLC/HERBERG CAPITAL shall pay IC/ISO Commissions and Residuals in accordance with terms agreed upon between HERBERG LLC/HERBERG CAPITAL and IC/ISO (see Commissions Schedule Form A). If a merchant referred by the Agent defaults under its Agreement with HERBERG LLC/HERBERG CAPITAL. within thirty (30) days after funding, the Agent shall immediately return to HERBERG LLC/HERBERG CAPITAL, at HERBERG LLC/HERBERG CAPITAL. discretion, via ACH, electronic check or wire transfer, the Compensation paid Agent under HERBERG LLC/HERBERG CAPITAL agreement with the merchant. It is understood that only HERBERG LLC/HERBERG CAPITAL. shall be authorized to accept, ratify or finalize a Merchant Cash Advance Contract / Agreement and enroll an IC/ISO referred merchant into the Program. Any agreement or arrangement initiated by IC/ISO including a Merchant Cash Advance Contract / Agreement, shall not be binding on HERBERG LLC/HERBERG CAPITAL or its alliances until accepted and executed in writing by a duly authorized officer of HERBERG LLC/HERBERG CAPITAL or its alliances. HERBERG LLC/HERBERG CAPITAL shall pay all residual compensation due and owing to agent as agreed upon.

6.REVIEW AND ADJUSTMENT OF COMPENSATION PLAN. The Compensation Plan assigned to the IC/ISO is subject to review and adjustment based upon the published criteria in this Agreement (see Compensation Plan Requirements) ever y six (6) months on the anniversary date from the execution of this Agreement.

7.NO ADDITIONAL FEE. IC/ISO agrees that it and any sales representative under the influence or direction will not charge merchant it
I                      HERBERG LLC/HERBERG CAPITAL, any further fee of any kind for the procurement of  HERBERG LLC/HERBERG CAP



Herberg Capital



Get Started

9.APPROVAL AND OR TERMINATION OF MERCHANT. HERBERG LLC/HERBERG CAPITAL and merchant bank shall have the absolute right to accept or decline any merchant presented for approval. In addition, HERBERG LLC/HERBERG CAPITAL and merchant bank have the right to terminate any merchant if it breaches any provision of the Bankcard Agreement or the HERBERG LLC/HERBERG CAPITAL Merchant Agreement or any existing contracts thereof.

10.MUTUAL NON-DISC LOSURE. IC/ISO has signed HERBERG LLC/HERBERG CAPITAL.s Mutual Non-Disclosure ("NDA"), which is incorporated herein by reference and made a part hereto as Schedule B. IC/ISO will be responsible to each of its sales agents, contractors or employees to sign a similar agreement.

11.TERM AND TERMINATION. This Agreement will be effective as of the date and year stated below for an initial term of three (3) years commencing on the date signed below (the "Initial Term"), and will continue indefinitely thereafter unless terminated by either party upon ninety (90) days prior written notice. This Agreement may be terminated additionally and immediately by HERBERG LLC/HERBERG CAPITAL. for cause. Terminations for cause reasons includes, but are not limited to, material breach by IC/ISO of terms of this Agreement, mis feasance, mal feasance, or the NDA (Schedule B).

Either party may terminate this Agreement without cause upon 90 days prior written notice to the other party at the address stated herein except for the cause, in which case termination shall be effective upon receipt of such notice. All merchants' relationships shall remain with HERBERG LLC/HERBERG CAPITAL. The terms of HERBERG LLC/HERBERG CAPITAL merchant relationships are for various terms and at the end of such terms HERBERG LLC/HERBERG CAPITAL may seek renewals of these agreements or seek alternative relationships to engage merchants in. If HERBERG LLC/HERBERG CAPITAL terminates this agreement for cause (as defined above); IC/ISO shall forfeit all rights it has to receive all future residuals from merchant accounts. If HERBERG LLC/HERBERG CAPITAL terminates this Agreement without cause, IC/ISO will receive all residuals as noted in Schedule A or any amendments thereto.

12.RIGHT OF FIRST REFUSAL. The ISO shall grant to HERBERG LLC/HERBERG CAPITAL. the right of first refusal for all cash advance ( ls and credit card processing residual streams obtained from Merchants. In addition, IC/ISO will not interfere, nor imp I IG LLC/HERBERG CAPITAL and its alliances, in securing renewal contracts from any Merchant they have procured.



**Herberg Capital**



Get Started

**14.ASSIGNAB ILITY.** With the written permission of HERBERG LLC/HERBERG CAPITAL., IC/ ISO may from time to time delegate duties under Agreement to subsidiaries, provided however, that IC/ISO shall remain liable to HERBERG LLC/HERBERG CAPITAL for any such duties and obligations. In the event that the IC/ISO seeks to sell or transfer their business, HERBERG LLC/HERBERG CAPITAL reserves the right to first right of refusal and/or the right to approve buyer, with assignment of the IC/ISO agreement not to be unreasonably held. Upon mutual agreement between HERBERG LLC/HERBERG CAPITAL and agent, buy out of the residual rights of the agent to compensation hereunder, also agrees to give HERBERG LLC/HERBERG CAPITAL first right of refusal, in consideration of a one- time lump sum payment that is a multiple of the average monthly compensation paid to the agent during the previous year where the agent and HERBERG LLC/HERBERG CAPITAL having agreed in writing as to the multiple. HERBERG LLC/HERBERG CAPITAL may sub contract, sublicense, assign, license, franchise or transfer to any third party an y right, duty or obligation HERBERG LLC/HERBERG CAPITAL has in connection with this Agreement without the consent or prior approval of the IC/ISO.

**15.SEVERABILITY.** If any one or more of the covenants, agreements or provisions of this Agreement shall be determined by a court of competent jurisdiction to be invalid, the invalidity of such covenants, agreements or provisions shall in no way affect the validity or effectiveness of the remainder of this Agreement, and this Agreement shall continue in force to the fullest extent permitted by law.

**16.SURVIVAL.** The obligations of all parties hereto incurred prior to the effective date of termination of this agreement, including in particular the NDA (non-disclosure agreement), shall survive termination of this Agreement.

**17.NOTICES.** Except as otherwise provided in this Agreement, written notices required under the terms of this Agreement shall be mailed by certified mail, return receipt requested, to the respective parties at the addresses mentioned herein. Notices shall be deemed to be given when, so mailed.

**18.DISPUTE RESOLUTION – ARBITRATION / MEDIATION.** In the event of a dispute between the IC/ISO which might include but not be limited to compensation issues, policy and procedure issues etc. which cannot be resolved through internal company protocol, both parties agree to submit to Arbitration in the State of Wyoming under an Arbitrator and guidelines established / sanctioned by the in Arbitration Association. Both parties agree to accept the ruling of the Arbitrator and the prevailing party shall be en

# Exhibit E



Secretary of State

**Wyoming Secretary of State**

2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

<u>For Office Use Only</u>
**Ed Murray, WY Secretary of State**
**FILED: Dec 1 2017 9:11AM**
**Original ID: 2017-000778542**

# Limited Liability Company
# Articles of Organization

**I. The name of the limited liability company is:**

Herberg LLC

**II. The name and physical address of the registered agent of the limited liability company is:**

Registered Agents Inc.
30 N Gould St Ste R
Sheridan, WY 82801

**III. The mailing address of the limited liability company is:**

30 N Gould St Ste R
Sheridan, WY 82801

**IV. The principal office address of the limited liability company is:**

30 N Gould St Ste R
Sheridan, WY 82801

**V. The organizer of the limited liability company is:**

Registered Agents Inc.
30 N Gould St Ste R Sheridan, WY 82801

| | | |
|---|---|---|
| **Signature:** | *Riley Park* | Date:  **12/01/2017** |
| Print Name: | **Riley Park** | |
| Title: | **Authorized Individual** | |
| Email: | **reports@registeredagentsinc.com** | |
| Daytime Phone #: | **(307) 200-2803** | |



**Secretary of State**

**Wyoming Secretary of State**

2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

---

☑ I am the person whose signature appears on the filing; that I am authorized to file these documents on behalf of the business entity to which they pertain; and that the information I am submitting is true and correct to the best of my knowledge.

☑ I am filing in accordance with the provisions of the Wyoming Limited Liability Company Act, (W.S. 17-29-101 through 17-29-1105) and Registered Offices and Agents Act (W.S. 17-28-101 through 17-28-111).

☑ I understand that the information submitted electronically by me will be used to generate Articles of Organization that will be filed with the Wyoming Secretary of State.

☑ I intend and agree that the electronic submission of the information set forth herein constitutes my signature for this filing.

☑ I have conducted the appropriate name searches to ensure compliance with W.S. 17-16-401.

**Notice Regarding False Filings: Filing a false document could result in criminal penalty and prosecution pursuant to W.S. 6-5-308.**

**W.S. 6-5-308. Penalty for filing false document.**

(a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he files with the secretary of state and willfully or knowingly:

(i) Falsifies, conceals or covers up by any trick, scheme or device a material fact;

(ii) Makes any materially false, fictitious or fraudulent statement or representation; or

(iii) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

☑ I acknowledge having read W.S. 6-5-308.

**Filer is:**   ☐ An Individual   ☑ An Organization

The Wyoming Secretary of State requires a natural person to sign on behalf of a business entity acting as an incorporator or organizer. The following individual is signing on behalf of all Organizers or Incorporators.

**Filer Information:**
**By submitting this form I agree and accept this electronic filing as legal submission of my Articles of Organization.**

| | | |
|---|---|---|
| Signature: | *Riley Park* | Date: **12/01/2017** |
| Print Name: | **Riley Park** | |
| Title: | **Authorized Individual** | |
| Email: | **reports@registeredagentsinc.com** | |
| Daytime Phone #: | **(307) 200-2803** | |



Secretary of State

**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

## Consent to Appointment by Registered Agent

**Registered Agents Inc.**, whose registered office is located at **30 N Gould St Ste R, Sheridan, WY 82801**, voluntarily consented to serve as the registered agent for **Herberg LLC** and has certified they are in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

I have obtained a signed and dated statement by the registered agent in which they voluntarily consent to appointment for this entity.

Signature:     *Riley Park*                                    Date:  **12/01/2017**

Print Name:    **Riley Park**

Title:         **Authorized Individual**

Email:         **reports@registeredagentsinc.com**

Daytime Phone #:   **(307) 200-2803**

# STATE OF WYOMING
## Office of the Secretary of State

I, ED MURRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

## CERTIFICATE OF ORGANIZATION

**Herberg LLC**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **1st** day of **December, 2017** at **9:11 AM.**

Remainder intentionally left blank.

Filed Date: 12/01/2017

Secretary of State

Filed Online By:

Riley Park

on 12/01/2017

**2018**                     **Limited Liability Company Annual Report**

Due on or Before:     December 1, 2018
ID:                   2017-000778542
State of Formation:   Wyoming
License Tax Paid:     $50.00
AR Number:            03849121

<u>For Office Use Only</u>
Wyoming Secretary of State
2020 Carey Avenue, Cheyenne, WY  82002-0020
307-777-7311
https://wyobiz.wy.gov/Business/AnnualReport.aspx

**Herberg LLC**

**1:  Mailing Address**

30 N Gould St Ste R
Sheridan, WY 82801

*Current Registered Agent:*
Registered Agents Inc.
30 N Gould St Ste R
Sheridan, WY 82801

**2:  Principal Office Address**

30 N Gould St Ste R
Sheridan, WY 82801

Phone: (307) 200-2803
Email: reports@registeredagentsinc.com

• Please review the current Registered Agent
information and, if it needs to be changed or updated,
complete the <u>appropriate</u> Statement of Change form
available from the Secretary of State's website at
<u>http://soswy.state.wy.us</u>

---

I hereby certify under the penalty of perjury that the information I am submitting is true and correct to the best of my knowledge.

| Scott Herberg | Scott Herberg | September 24, 2018 |
|---|---|---|
| Signature | Printed Name | Date |

---

**The fee is $50 or two-tenths of one mill on the dollar ($.0002), whichever is greater.**

**Instructions:**
1.   Complete the required worksheet.
2.   Sign and date this form and return it to the Secretary of State at the address provided above.



# Exhibit F



# Herberg Capital

## Herberg Capital Application-sh

### Applicant/Owners Personal Information

**Full Name** *

First

Last

**Email** *

john@mycompany.com

**Phone Number** *

555-555-5555

**Date of Birth** *

January 1, 1980

**SSN Number** *

9 digits

**Address (No PO Boxes)** *

Address Line 1

Address Line 2

City

State / Province / Region

Postal / Zip Code

Country

**Have you ever declared bankruptcy?** *

○ Yes  ○ No

**Do you owe any taxes for the current or previous tax years?** *

○ Yes  ○ No

**Do you have any claims or lawsuits?** *

○ Yes  ○ No

**Do you own or rent your primary residence?** *

○ Own  ○ Rent

### Company Information

**What kind of business do you have?** *

**Legal Business Name** *

○ Corporation  ○ Partnership  ○ Propriatorship  ○ LLP  ○ LLC  ○ LP     | Skywalker Industries |

**Doing Business As (DBA)**
| Skywalker Industries |

**Type of Business ***
| Restaurant |

**EIN Number or Tax Number**
| |

**Business Phone Number ***
| 555-555-5555 |

**Business Inception Date ***
| Jan 1, 2010 |

**Business Address (No PO Boxes) ***
| Address Line 1 |
| Address Line 2 |
| City |   | State / Province / Region |
| Postal / Zip Code |   | Country ▼ |

**Shareholder #1 Name ***
| First |   | Last |

**Percentage Owned ***
| 50% |

**Shareholder #2 Name (if applicable)**
| First |   | Last |

**Percentage Owned**
| 50% |

**Website (leave blank if not applicable)**
| Leave blank if you don't have one |

**Gross Annual Business Revenue ***
| $100000 |

**Average Bank Balance ***
| $3000 |

**Desired Loan Amount ***
| $100000 |

**Number of Deposits Per Month ***
| 10 |

**Desired Term Length ***
| 12 months |

**Do You Have A business Checking Account? ***
○ Yes  ○ No

**Do You Have an Outstanding Merchant Cash Advance? ***
○ Yes  ○ No

**Do you accept more than 50% of your sales on credit or debit card? ***
○ Yes  ○ No

**Do you rent or own your business building? ***
○ Rent  ○ Own

**Landlord Name (if renting)**
| John Doe |

**Landlord Phone # (if renting)**
| 555-555-5555 |

## Owner #2 Information (if applicable)

**Full Name**
| First |   | Last |

**Email**
| john@mycompany.com |

**Phone Number**
| 555-555-5555 |

**Date of Birth**
| January 1, 1980 |

**SIN Number**
| 9 digits |

**Address (No PO Boxes)**

Address Line 1

Address Line 2

City

State / Province / Region

Postal / Zip Code

Country

**Have you ever declared bankruptcy?**

○ Yes  ○ No

**Do you owe any taxes for the current or previous tax years?**

○ Yes  ○ No

**Do you have any claims or lawsuits?**

○ Yes  ○ No

**Do you own or rent your primary residence?**

○ Own  ○ Rent

**Attach 3 months of bank statements here (PDF format)  ***

[ Upload ]  or drag files here.

"The personal information may be gathered and used by a third party and its assignees and potential assignees, to provide products and to perform services as may be requested by you. We may also disclose your personal information to third parties such as the manufacturer of your vehicle, credit reporting agencies, financial institutions of financing companies, your insurance agent or company and/or companies which provide or insure warranties relating to your vehicle. You are entitled to access this personal information that you provide and you may ask that it be updated and rectified. I acknowledge that the information, including personal information, may be processed and stored outside of Canada. We may also disclose your personal information where we are permitted by law to do so. By signing this document below, you have consented to these uses and disclosures."

**Owner #1 Signature  ***

**Owner #2 Signature**

**Date  ***

2019-03-12

# Current Outstanding Business Debts (To Be Completed By Applicant Business Owner)

Complete this form detailing all outstanding business debts. The more detail you include, the easier it will be for the Underwriter to accurately assess your opportunity. E-mail this completed form back to your Account Manager or to scott@herbergcapital.com. Note: If you have a large number of equipment finance agreements you can provide a combined total of those obligations in a single line.

## Current Outstanding Business Debts

### ⚙ Debt 1

**Creditor/Lender Name**

**Origination Date**

📅

**Current Outstanding Balance**

**Required Monthly Payment**

**Credit Limit (only for credit cards or lines of credit)**

**What did you use this debt for?\*  \***

**Do You Plan to pay off this debt with a Herberg Capital Loan?**

○ Yes   ◉ No

⊹ Add Debt

**Please make sure the information above reflects the current debt on your business and matches your balance sheet.**

**List of Options:**

○ Purchase another business

○ Acquire new contracts

○ Purchase equipment

○ Purchase inventory

○ Remodel the business location

○ Open a new location

○ Develop a new product or service

○ Pay off existing business debt

○ Purchase supplies and materials

○ Market and advertise my business

○ Hire new employees

○ Purchase new real estate

○ Pay off taxes, tax liens or judgments

○ Other

By typing your name below, each of the business and its owner or officer whose name you have entered below in this form (individually and collectively, "you") authorize Herberg Capital, Inc. and its affiliates (individually and collectively, "us," "our" or "we") via electronic signature to verify information entered above using third-party information services and your credit report, and you agree that we may contact third parties to verify any such information relating to this form or your loan application. We may use information in this form for authentication purposes, to make credit decisions, and for related purposes. In the event your loan application is approved for listing on our marketplace, you agree that we may share certain information derived from this form, your loan application or credit report, or other information collected from you during this loan application process with third parties. Such information will be displayed on our marketplace with your listing, although it will only be viewable by institutional or accredited registered investors.

In addition, you represent and affirm: (i) the information and statements contained herein are current, true and complete and are made under the penalty of perjury or un-sworn falsification to us to the extent permissible under applicable law; (ii) you are authorized to submit this form on behalf of the person and/or business whose name(s) you have entered in this form; (iii) you understand that this form does not commit us to making a loan; and (iv) you have read and agree to our Terms of Use and Privacy Policy located on our website at www.herbergcapital.com

**Business Name:**

**Owner/Officer Signature:**

**Date:**

**Your Name:**

Submit

Save

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS123806
Cashier ID: afuller
Transaction Date: 08/28/2020
Payer Name: Anton A. Ewing Trustee
------------------------------------
CIVIL FILING FEE
 For: Anton A. Ewing Trustee
 Case/Party: D-CAS-3-20-CV-001686-001
 Amount:        $400.00
------------------------------------
CHECK
 Check/Money Order Num: 1396
 Amt Tendered:  $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```